**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-51614-CAG |
| TLC KID'S CENTER, INC. | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**UNOPPOSED APPLICATION OF SUBCHAPTER V TRUSTEE**
**FOR POST-PETITION SECURITY DEPOSIT**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

**TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:**

Eric B. Terry, Subchapter V Trustee files this his *Unopposed Application for Post-Petition Security Deposit* ("**Application**"), and in support would show the Court the following:

**JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the general "catch-all" language of 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested herein are §§ 105(a), 330(a), and 503 of title 11 of the United States Code.[1]

---

[1] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.

3. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Court has constitutional authority to enter a final order regarding the Objection. Court approval of fees and expenses of estate professionals has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[2] In the alternative, allowance and payment of professional fees is an essential bankruptcy matter which triggers the "public rights" exception.[3]

## BACKGROUND

5. On August 23, 2024, TLC Kid's Center, Inc. ("**Debtor**") filed a voluntary petition under Subchapter V of Chapter 11 ("**Petition**").[4]

6. On August 26, 2024, Eric B. Terry was appointed as the Subchapter V Trustee ("**Trustee**").[5]

7. The Debtor's Plan of Reorganization is scheduled to be filed no later than November 21, 2024.

## TRUSTEE APPOINTMENT AND DUTIES

8. Subchapter V cases require the appointment of a Trustee in every case.[6]

9. The Trustee is not a standing trustee and thus was not appointed pursuant to 28 U.S.C. § 586(b). Rather, the Trustee was appointed as a disinterested person to serve as trustee in this case by the United States Trustee under § 1183(a).

10. The UST appointed Mr. Terry as the Trustee for this case.[7]

---

[2] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).
[3] *See id.*
[4] ECF No. 1.
[5] ECF No. 12.
[6] 11 U.S.C. § 1183 (2019).
[7] ECF No. 12.

11. The Trustee is compensated on an hourly basis, and all payments made to the Trustee are to be from funds held by the Debtor.

12. The Trustee is subject to the statutory duties set forth in § 1183, which incorporates by reference certain chapter 7 trustee duties as specified in § 704(a), and certain chapter 11 trustee duties as specified in § 1106(a). The trustee has a fiduciary responsibility to the bankruptcy estate, and has an obligation to monitor the case, assess the financial viability of the Debtor, communicate with creditors, and facilitate the development of a consensual plan of reorganization. Because a debtor-in-possession can be removed pursuant to § 1185, the Trustee must be diligent in his duties.

13. Pursuant to the Handbook for Small Business Chapter 11 Subchapter V Trustees, the Trustee may seek compensation for his work in the case prior to the conversion or dismissal.

## RELIEF REQUESTED

14. Pursuant to this Application, the Trustee requests a post-petition security deposit of $1,000 per month ("**Security Deposits**") be paid to the Trustee.

15. The Trustee requests the Security Deposit be paid from the funds on deposit in the Debtor-in-Possession's checking account, $2,000.00 within seven (7) days following entry of the order approving this Motion for the time period from the petition date through October 31, 2024 and $1,000.00 paid within seven (7) days following the first of each subsequent month.

16. The Trustee shall deposit the Security Deposits into a Subchapter V Trustee designated bank account, and the funds shall remain in the account until such time as the Court awards compensation of fees and reimbursable costs to the Trustee with any excess funds from the Security Deposits returned to the Debtor.

17. The Trustee has consulted with counsel for the Debtor. Counsel for the Debtor has indicated that the Debtor does not oppose the relief requested herein.

**WHEREFORE, PREMISES CONSIDERED**, the Trustee prays that this Application be approved by this Court under the terms specified above; and for such other and further relief to which he may show himself to be justly entitled.

Dated: September 13, 2024

Respectfully submitted,

**ERIC TERRY LAW, PLLC**
3511 Broadway
San Antonio, Texas 78209
Telephone: (210) 468-8274
eric@ericterrylaw.com

/s/ Eric B. Terry
Eric B. Terry, State Bar No. 00794729
***Subchapter V Trustee***

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 13, 2024, a copy of the foregoing Application was filed electronically. Notice of this filing will be sent to all persons registered to receive documents through the Court's Electronic Case Filing System. The undersigned further certifies that on September 13, 2024, or no later than the following business day, a copy of the foregoing Application was mailed, postage pre-paid, first-class United States mail to all parties on the attached creditor matrix.

*/s/ Eric B. Terry*
Eric B. Terry